FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JUN 22 PM 2:21
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| M. DAVID BRANUM | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | SECTION: 06-3270 |
| | * | |
| DIAMOND OFFSHORE DRILLING, INC. | * | MAGISTRATE: SECT. A MAG 3 |
| | * | |
| | * | |
| | * | **JURY TRIAL REQUESTED** |
| | * | |

*************************************************************************

**COMPLAINT FOR DAMAGES**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

The Complaint of M. David Branum, a person of the full age of majority, through undersigned counsel, with respect, represents that:

I.

Plaintiff, M. David Branum, is a resident of and domiciled in Cantonment, Florida.



$350.00
✓ Fee
✓ Process
X Dktd
__ CtRmDep
__ Doc. No

II.

Defendant, Diamond Offshore Drilling Inc., is a Delaware corporation organized under the laws of the State of Delaware with its principal place of business in Houston, Texas, but at all times pertinent hereto, defendant was authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

III.

Jurisdiction over the subject matter of this action is premised upon diversity of citizenship, 28 U.S.C. § 1332, the Jones Act, 46 U.S.C. $688, as well as upon the substantive provisions of the general maritime law and any other federal and state laws that may be applicable; the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

IV.

At all times pertinent herein, including on or about August 15, 2003, Plaintiff, M. David Branum, was employed by Defendant, Diamond Offshore Drilling, Inc., and was assigned to the Ocean Drake, a jack-up rig temporarily in workover, in the port of Pascagoula, Mississippi.

V.

The Ocean Drake, when not temporarily in workover, is a vessel in navigation upon the navigable waters of the United States to which Plaintiff, M. David Branum, was permanently assigned.

VI.

At all times pertinent herein, including on or about August 15, 2003, the Ocean Drake was owned, operated by, and under the control of Defendant, Diamond Offshore Drilling, Inc.

VII.

On or about August 15, 2003, Plaintiff, M. David Branum, while working aboard the Ocean Drake, suffered injury to his right hand when a metal flange he was moving crushed his hand and fingers against the side of the vessel. The incident occurred as a result of the lack of adequate assistance to move the flange, lack of a working crane, and/or because of a defect in the vessel's decking which caused the flange to go astray.

VIII.

The aforesaid injuries of Plaintiff were directly and proximately caused by the negligent acts of omission and/or commission on the part of the Defendant, Diamond Offshore Drilling, Inc., its agents and/or employees, and/or other entities under its supervision and control, including, but not limited to, the failure to provide the Plaintiff with a reasonably safe place to work, the failure to provide him with a seaworthy vessel, and the failure to warn him of impending dangerous perils.

IX.

The aforesaid injuries of Plaintiff also were directly and proximately caused by the unseaworthiness of the OCEAN DRAKE, including, but not limited to, that vessel's unseaworthiness as a result of a defect in its decking, lack of adequate crew, and/or the lack of a working crane.

X.

In addition, Plaintiff, M. David Bramun, has not reached the point of maximum cure in the treatment of his injuries, and he is entitled to recover from Defendant, Diamond Offshore Drilling, Inc., for whom he was performing work as a seaman and member of the crew of a vessel at the time of his injuries, continuing maintenance payments, in addition to payment for his medical cure and

recovery, said payments to continue during the period of Plaintiff's convalescence and disability, or until he medically is declared to have reached the point of maximum cure.

XI.

In the alternative, and only in the alternative, if Plaintiff is held not to be a seaman within the meaning of the Jones Act, Plaintiff alleges that he is entitled to recover from Defendant for its negligence under §905(b) of the Longshore and Harbor Workers' Compensation Act.

XII.

As a direct result of the aforesaid incident and the negligence of Defendant, Diamond Offshore Drilling, Inc., as well as the unseaworthiness of the OCEAN DRAKE and the negligence of its crew, Plaintiff, M. David Braumum, has suffered serve physical pain and keen mental anguish, has undergone medical treatment and hospitalization, including surgery, has lost substantial sums of money he otherwise would have earned, has been disabled from and/or severely handicapped in his pursuit of gainful employment and other daily activities, and these conditions may continue, worsen, or become permanent in time, and the full residuals may be severe; all of which are to the compensatory damages of this Plaintiff.

XIII.

Plaintiff is entitled to and prays for a trial by jury.

WHEREFORE, Plaintiff, M. David Branum, prays that Defendant, Diamond Offshore Drilling, Inc., be served with a copy of this complaint and that after due proceedings had, plaintiff prays for judgment in his favor and against defendant for all amounts reasonable under the premises,

together with legal interest thereon from date of judicial demand, including prejudgment interest, for all costs of these proceedings, for all general and equitable relief, and for a trial by jury.

Respectfully submitted,

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY: ______________________________

MICHAEL J. ECUYER, T.A. (#23050)
STEVAN C. DITTMAN, (#16888)
**2800 Energy Centre**
**1100 Poydras Street**
**New Orleans, Louisiana 70163-2800**
**Telephone: (504) 522-2304**
**Attorneys For Plaintiff**

**PLEASE SERVE:**
**DIAMOND OFFSHORE DRILLING, INC.**
Through its Registered Agent
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809