```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

M. DAVID BRANUM                              CIVIL ACTION

VERSUS                                       NO: 06-3270

DIAMOND OFFSHORE DRILLING,                   SECTION: "A" (3)
INC.
```

**ORDER AND REASONS**

Before the Court is a **Motion in Limine To Exclude Testimony of Plaintiff's Finances and Prior Bankruptcy (Rec. Doc. 35)** filed by plaintiff M. David Branum ("Plaintiff"). Defendant, Diamond Offshore Management Co. ("Defendant"), opposes the motion. The motion, set for hearing on July 25, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED IN PART AND DENIED IN PART.

**I.    BACKGROUND**

Plaintiff is a Jones Act seaman seeking to recover for injuries he allegedly sustained aboard the Ocean Drake, a jack-up rig owned and operated by Defendant, his employer. Plaintiff claims that on August 15, 2003, he suffered an injury to his

right hand when a metal flange he was moving crushed his hand and fingers against the side of the vessel.

Plaintiff filed for Chapter 7 bankruptcy on March 17, 2004, in Florida.  In that proceeding Plaintiff answered "NONE" when specifically asked to declare any "other contingent and unliquidated claims of every nature."  That proceeding was closed and the discharge took place on June 28, 2004.

Plaintiff filed this lawsuit on June 22, 2006.  During Plaintiff's deposition Defendant learned about the discharge in bankruptcy.  In March 2007, Defendant moved for summary judgment arguing that Plaintiff is judicially estopped from bringing this claim because he failed to list it as an asset on his personal property sheet in the bankruptcy.  On April 18, 2007, the Court held oral argument on Defendant's motion and denied it for reasons given on the record in open court.

## II.  THE PARTIES' CONTENTIONS

Plaintiff has filed the instant motion in limine to exclude all testimony and evidence of his finances and the prior bankruptcy.  Plaintiff contends that such evidence is not relevant given that he is not asserting claims for financial injury and given that the Court denied Defendant's motion for summary judgment as to the judicial estoppel issue.  Plaintiff contends that even if evidence of his finances and the prior

bankruptcy are relevant they are unfairly prejudicial and should be excluded on that basis.  Fed. R. Evid. 403.

In opposition, Defendant argues that evidence of Plaintiff's finances is relevant to the degree/severity of his alleged personal injury as well as his credibility.  Defendant contends that Plaintiff's financial records suggest that after the accident Plaintiff was performing substantial physical work for his construction company thereby calling into question the severity of his injuries.  Regarding the bankruptcy evidence, Defendant contends that the ruling did not resolve the judicial estoppel issue because the motion was denied on the grounds that a fact issue remained regarding Plaintiff's motivation for not disclosing his potential Jones Act claim.  Moreover, according to Defendant, Plaintiff's lack of candor with the bankruptcy court is pertinent because it casts doubt on his credibility or his ability to be truthful in the instant case.

### III. **DISCUSSION**

Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation.  <u>In re Superior Crew Boats, Inc.</u>, 374 F.3d 330, 334 (5th cir. 2004) (internal citations omitted).  "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the court to suit

3

exigencies of self interest." Id.

Because judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the other party is not required. Id. The decision to invoke judicial estoppel is committed to the trial court's discretion. In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999).

Judicial estoppel is invoked where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. Id. In this circuit, judicial estoppel applies when: (1) the party is taking a position in this litigation that is clearly inconsistent with the previous one, (2) the court must have accepted the previous position, and (3) the non-disclosure must not have been inadvertent. Id. Disclosure is "inadvertent" only when, in general, the party either lacked knowledge of the undisclosed claim *or* has no motive for its concealment. Id.

The cases discussing the doctrine of judicial estoppel demonstrate that its application is extremely fact intensive. However, in those cases where it was found to apply, the facts demonstrate clear duplicity on the part of the plaintiff--the kind of behavior that the doctrine was meant to punish. See, e.g., Jethroe v. Omnova Solutions, Inc., 412 F.3d 598 (5th Cir. 2005).

4

The record in the instant case contains nothing to suggest that Plaintiff engaged in the type of conduct that judicial estoppel is intended to punish.  Plaintiff had a bankruptcy attorney on whom he relied to complete the paper work for the bankruptcy filing.  Plaintiff had no lawsuit pending at the time of the bankruptcy and there is no evidence that a lawsuit was even contemplated back then because Plaintiff was receiving payments from his employer.  Plaintiff's former bankruptcy attorney submitted an affidavit in which she confirms that she did not report the potential claim due to Florida law exempting worker's compensation claims.  Further, there was no attempt to "hide" Plaintiff's injury from the bankruptcy court because the worker's compensation payments were reported on the appropriate forms.

Based on the foregoing the Court finds as a matter of law that judicial estoppel does not apply under these facts.  Plaintiff's motion in limine is therefore GRANTED as to any evidence of his prior bankruptcy.

Plaintiff's motion is DENIED as to the financial records because Defendant has explained their relevance, <u>i.e.</u>, that Defendant will use them to counter Plaintiff's contentions regarding the severity of his injury.  The Court does not find that the admission of the financial records, when used for

Defendant's cited purpose, would be unfairly prejudicial to Plaintiff.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion in Limine To Exclude Testimony of Plaintiff's Finances and Prior Bankruptcy (Rec. Doc. 35)** filed by plaintiff M. David Branum should be and is **GRANTED IN PART AND DENIED IN PART** as explained above.

July 26, 2007

                                    _____
                                              JAY C. ZAINEY
                                      UNITED STATES DISTRICT JUDGE